# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CASE NO. 3:23-CV-221-RJC-DCK

| | | |
|---|---|---|
| **NESIA AMAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **STIPULATED** |
| | ) | **CONFIDENTIALTY ORDER** |
| **BANK OF AMERICA, N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the parties' "Joint Motion For Entry Of Protective Order" (Document No. 22) filed August 2, 2023. The Court will <u>grant</u> the motion and enter the parties' proposed Confidentiality/Protective Order as follows.

**IT IS, THEREFORE, ORDERED** the following guidelines shall govern the use, handling, and disclosure of all documents, testimony, or other information produced, given, or exhibited by and among Plaintiff Nesia Amar ("Plaintiff") and Defendant Bank of America, N.A., ("BANA"), each individually as a ("Party") and collectively the ("Parties"), relating to financial, confidential or proprietary information, and/or credit information, that may be produced by the Parties and/or third parties during in this case, are designated to be subject to this Order (the "Confidentiality Order").

For purposes of this Order, "information" means any and all visual, video, photographic, and audio impressions, materials, documents or things of any type or nature, including, but not limited to, the original, copy, summary, extract of, and any information derived from any written, recorded, printed, typed, photocopied, duplicated, electronic or graphic material of any kind or character, however produced or reproduced, and/or any recorded materials, photographs,

videotapes, audiotapes, handwritten materials, tangible thing, and/or any electronically reproduced, digitally reproduced, produced, or reproduced material.

All such documents, testimony and information shall be designated as "CONFIDENTIAL" and protected from disclosure except as provided in this Order. Where any information is designated "CONFIDENTIAL" upon the first page of any materials, the entire material shall be deemed marked "CONFIDENTIAL," or portion(s) of materials may be designated "CONFIDENTIAL." Inadvertent failure to designate any information as "CONFIDENTIAL" pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within a reasonable time of discovery of the inadvertent failure.

All information designated as "CONFIDENTIAL" shall not be used or disclosed for any business, commercial, or competitive purposes or for any purpose other than the preparation, trial, settlement, and/or appeal of this action in accordance with the provisions of this Order.

Except upon the prior written consent of the producing party, or upon further order of the Court, any information designated as "CONFIDENTIAL" may be shown, disseminated, discussed, or disclosed only to or with the following persons:

    a. Counsel of record in this action, in-house counsel of the Parties, and any other counsel associated to assist in the preparation or trial of this action;

    b. Employees of counsel of record or of associated counsel who assist in the preparation or trial of this action;

    c. Parties to this litigation;

    d. Present or former employees of the producing party in connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure);

e. Third parties providing copying and/or reproduction services;

f. Outside experts and consultants retained by any Party in good faith for the preparation or trial of this action, but only to the extent reasonably necessary to enable such persons to render such assistance;

g. Actual and potential witnesses in this action, subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information;

h. Stenographic reporters engaged for depositions or proceedings necessary to this action; and

i. The Court, the Court's staff, and the jury in this case.

Counsel for the Parties by executing this Order, undertake to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under counsels' supervision and/or control.

Before receiving access to any of the information designated as "CONFIDENTIAL," each person described in paragraph 4(d), 4(e), 4(f), and 4(g) above shall be advised of the terms of this Order, shall be given a copy of this Order, and shall agree in writing under oath to be bound by its terms and to be subject to the jurisdiction of the Court (**Exhibit A**). Disclosing counsel shall retain copies of the signed oaths. Counsel for the Parties will maintain a list of all persons to whom any information designated as "CONFIDENTIAL" was provided. The list shall be available for inspection by the Court and, at the conclusion of the action, by the producing party.

Any Party to the action may, at any time after the production of information designated as "CONFIDENTIAL," object to such designation by notifying the designating party in writing of the objection and specifying the information to which the objection pertains. The Parties shall, within fifteen (15) business days of the date shown on the objecting Party's objection, confer

concerning the objection. If the objection is not resolved at the Parties' conference, the objecting Party shall, within fifteen (15) business days of the conference, file and serve a motion to resolve the dispute over the designation of the material. The Party designating information as "CONFIDENTIAL" has the burden of proving that the information should not be disclosed. The objecting Party will treat any information so-marked as "CONFIDENTIAL" until the Court enters a contrary ruling on the matter. If no such motion is filed within the stated time period, the designation of the information as "CONFIDENTIAL" shall be preserved and maintained.

Within sixty (60) days after final termination of this action, counsel either shall return to the producing party or destroy the information designated as "CONFIDENTIAL" and all copies of that material in the possession of counsel, his or her clients, his or her witnesses, and all consulting and testifying experts. Counsel either shall certify in writing that all such information designated as "CONFIDENTIAL" and copies thereof have been returned to the producing party or destroyed; and each person described in paragraph 4(c), 4(d), and 4(f) above who received copies of such information designated as "CONFIDENTIAL" shall also certify that he or she has destroyed all notes, memoranda, or other documents created by from information designated "CONFIDENTIAL."

To the extent that information designated as "CONFIDENTIAL" is used in the taking of depositions, at any hearing or at trial, or in any Court filing, such information shall remain subject to the provisions of this Order and, if the information is in document form, it shall be submitted to the court reporter and/or the Court pursuant to the procedures set forth by the Eastern District of Pennsylvania or in a sealed envelope or container clearly marked "CONFIDENTIAL" and with a statement substantially in the following form:

> This envelope contains information which is filed in this case by
> [name of party] and which is designated as "CONFIDENTIAL"

pursuant to the Protective Order entered in this case. This envelope is to remain sealed and its contents disclosed only to the Court and those persons authorized to view its contents under the terms of the Protective Order.

Such information is to be maintained under seal by the clerk or court reporter; provided, however, Court filings having the confidential information deleted therefrom may be made part of the public record. With respect to any deposition or hearing transcript, the producing party may, on the record or within thirty (30) business days after receipt of the transcript, designate portions of the transcript relating to the information as "CONFIDENTIAL" under this Order.

Nothing herein shall be construed: (a) to affect in any way the admissibility of any document, testimony, or other evidence, except with regard to the protection of the confidentiality of such material as provided in Paragraph 8; (b) to resolve any other applicable objections to the discovery of information or documents that are subject to this Order; or (c) to restrict a party from using information that it has produced and designated as "CONFIDENTIAL" in any way.

This Order has been agreed to by the Parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order; nor the designation of any information, document, or the like as "Confidential;" nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

All Parties reserve the right to apply to the Court for an order modifying or amending the terms of this Order, either upon consent of all other Parties or upon a showing of good cause and other appropriate showing under the particular circumstances.

The provisions of this Order shall continue to be binding after the termination of this action.

The Court retains jurisdiction over the Parties, their attorneys, and all third parties for enforcement of the provisions of this Order following the termination of this action.

The Court retains the right to allow, *sua sponte* or upon motion, disclosure of any subject

covered by this Order or to modify this Order at any time in the interest of justice."

This Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

**SO ORDERED**.

Signed: August 2, 2023

David C. Keesler
United States Magistrate Judge

|  |  |  |
|---|---|---|
| **NESIA AMAR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **AGREEMENT TO ABIDE BY** |
| | ) | **CONFIDENTIALITY ORDER** |
| **v.** | ) | |
| | ) | |
| **BANK OF AMERICA, N.A.,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

     1.     I, _____, hereby certify my understanding that Confidential documents or information is being provided to me pursuant to the terms and restrictions of the Confidentiality Order dated _____, 2023, in Nesia Amar v. Bank of America, N.A., in the United States District Court for the Western District of North Carolina (Charlotte Division), Case Number 3:23-CV-221-RJC-DCK.

     2.     I have been given a copy of that Order and read it.

     3.     I agree to be bound by the Order.  I will not disclose Confidential Information to anyone, except as allowed by the Order.

     4.     I will keep all such confidential documents and information in a secure place and in a secure manner to prevent unauthorized access to it.  No later than 30 days after the termination of this action, I will return all such confidential documents or information, and any copies, notes, extracts, synopses, and/or summaries of such information that I create or that comes within my control to the attorney(s) who first provided it to me, or by whom I have been retained in this matter, or, alternatively, at my election, I will destroy such Confidential documents or information.

5.  I hereby consent to be subject to the personal jurisdiction of the United States District Court for the Western District of North Carolina (Charlotte Division), with respect to any proceedings relative to the enforcement of that Agreement.

Signature:   _____

Dated:    _____