IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-221-RJC-DCK

| | |
|---|---|
| NESIA AMAR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| BANK OF AMERICA, N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Bank Of America, N.A.'s Motion To Dismiss…" (Document No. 24) filed August 8, 2023, and "Plaintiff's Motion For Leave To File Second Amended Complaint" (Document No. 25) also filed on August 8, 2023. These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, and in the interests of judicial economy and efficient case management, the undersigned will grant the motion to amend, and direct that the pending motion to dismiss be denied as moot.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the

> court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001)); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

**DISCUSSION**

The undersigned is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the interests of justice that favor granting leave to amend. Notably, Plaintiff asserts that "[o]n August 2, 2023, *at Defendant's request*, Plaintiff provided Defendant with a copy of the attached proposed Second Amended Complaint and requested Defendant's consent to file." (Document No. 25, p. 2) (emphasis added). Apparently, Defendant never responded to Plaintiff's request and instead filed the pending motion to dismiss. Id.; (Document No. 24).

Under these circumstances, the undersigned will allow Plaintiff to file a Second Amended Complaint which supersedes the First Amended Complaint. Furthermore, the undersigned will direct that "Defendant Bank Of America, N.A.'s Motion To Dismiss…" (Document No. 24) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy

2

v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint").

To the extent Defendant contends the Second Amended Complaint is deficient, this Order is without prejudice to Defendant filing a motion to dismiss the Second Amended Complaint. Barring extraordinary circumstances, further amendment of the Complaint is unlikely to be allowed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion For Leave To File Second Amended Complaint" (Document No. 25) is **GRANTED.** Plaintiff shall file a Second Amended Complaint on or before **August 10, 2023**.[1]

**IT IS FURTHER ORDERED** that on "Defendant Bank Of America, N.A.'s Motion To Dismiss…" (Document No. 24) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: August 9, 2023

David C. Keesler
United States Magistrate Judge

---

[1] The "Administrative Procedures Governing Filing and Service by Electronic Means," revised January 1, 2018, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."